**MODIFY and AFFIRM; and Opinion Filed May 26, 2015.**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-14-00877-CR**
**No. 05-14-00878-CR**
**No. 05-14-00879-CR**
**No. 05-14-00880-CR**

**REGINALD KEITH PINK, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F09-55346-T, F13-60732-T, F13-60733-T, F13-72123-T**

## MEMORANDUM OPINION

Before Justices Francis, Lang-Miers, and Whitehill
Opinion by Justice Lang-Miers

Reginald Keith Pink appeals his convictions for robbery, two aggravated robbery with a deadly weapon offenses, and one aggravated assault on a public servant offense. *See* TEX. PENAL CODE ANN. §§ 22.02(a)(2), 29.02(a)(2), 29.03(a)(2) (West 2011). The trial court assessed punishment, enhanced by two prior felony convictions, at life imprisonment in each case. On appeal, appellant's attorney filed a brief in which he concludes the appeals are wholly frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967). The brief presents a professional evaluation of the record showing why, in effect, there

are no arguable grounds to advance. *See High v. State*, 573 S.W.2d 807, 811–12 (Tex. Crim. App. [Panel Op.] 1978). Counsel delivered a copy of the brief to appellant. We advised appellant of his right to file a pro se response, but he did not file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319–21 (Tex. Crim. App. 2014) (identifying duties of appellate courts and counsel in *Anders* cases). Appellant did, however, file several pro se motions.

We have reviewed the record, counsel's brief, and appellant's pro se motions. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (explaining appellate court's duty in *Anders* cases). We agree the appeals are frivolous and without merit. We find nothing in the record that might arguably support the appeals.

Although not an arguable issue, we note the judgments in cause nos. 05-14-00877-CR and 05-14-00879-CR do not correctly reflect appellant's pleas to, nor the trial court's findings on, the enhancement paragraphs. In each case, appellant pleaded true to two enhancement paragraphs alleging prior felony convictions, and the trial court found the enhancement paragraphs true. The judgment adjudicating guilt in cause no. 05-14-00877-CR contains no reference to the enhancement paragraphs and the judgment in cause no. 05-14-00879-CR states "N/A" in the sections regarding the first enhancement paragraph. As a result, the judgments are incorrect. Accordingly, we modify the judgment adjudicating guilt in cause no. 05-14-00877-CR to show that appellant pleaded true to the first and second enhancement paragraphs and the trial court found the paragraphs are true. We modify the trial court's judgment in cause no. 05-14-00879-CR to show appellant pleaded true to the first enhancement paragraph and the trial court found the paragraph true. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).

In cause nos. 05-14-00878-CR and 05-14-00880-CR, we affirm the trial court's judgments. In cause nos. 05-14-00877-CR and 05-14-00879-CR, we affirm the trial court's judgments as modified.


/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

140877F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

REGINALD KEITH PINK, Appellant

No. 05-14-00877-CR      V.

THE STATE OF TEXAS, Appellee

Appeal from the 283rd Judicial District
Court of Dallas County, Texas (Tr.Ct.No.
F09-55346-T).
Opinion delivered by Justice Lang-Miers,
Justices Francis and Whitehill participating.

Based on the Court's opinion of this date, the trial court's judgment adjudicating guilt is **MODIFIED** as follows:

Add section "Plea to 1st Enhancement Paragraph: True."

Add section "Plea to 2nd Enhancement /Habitual Paragraph: True."

Add section "Findings on 1st Enhancement Paragraph: True."

Add section "Findings on 2nd Enhancement/Habitual Paragraph: True."

As modified, we **AFFIRM** the trial court's judgment adjudicating guilt.

Judgment entered May 26, 2015.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

REGINALD KEITH PINK, Appellant

No. 05-14-00878-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the 283rd Judicial District
Court of Dallas County, Texas (Tr.Ct.No.
F13-60732-T).
Opinion delivered by Justice Lang-Miers,
Justices Francis and Whitehill participating.

Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.

Judgment entered May 26, 2015.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

REGINALD KEITH PINK, Appellant

No. 05-14-00879-CR      V.

THE STATE OF TEXAS, Appellee

Appeal from the 283rd Judicial District Court of Dallas County, Texas (Tr.Ct.No. F13-60733-T).
Opinion delivered by Justice Lang-Miers, Justices Francis and Whitehill participating.

Based on the Court's opinion of this date, the trial court's judgment is **MODIFIED** as follows:

The section entitled "Plea to 1st Enhancement Paragraph" is modified to show "True."

The section entitled "Findings on 1st Enhancement Paragraph" is modified to show "True."

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered May 26, 2015.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

REGINALD KEITH PINK, Appellant

No. 05-14-00880-CR      V.

THE STATE OF TEXAS, Appellee

Appeal from the  283rd Judicial District
Court of Dallas County, Texas (Tr.Ct.No.
F13-72123-T).
Opinion delivered by Justice Lang-Miers,
Justices Francis and Whitehill participating.

Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.

Judgment entered May 26, 2015.